UNITED STATES of America,
Plaintiff—Appellee,

v.

Jose Antonio GURROLA–OLIVAS,
Defendant—Appellant.

No. 01–50644.

D.C. No. CR–01–01190–J.

United States Court of Appeals,
Ninth Circuit.

Submitted May 30, 2002.*

Decided June 27, 2002.

Before CHOY, FERGUSON and BOOCHEVER, Circuit Judges.

MEMORANDUM**

Jose Antonio Gurrola–Olivas appeals his seven month sentence for importation of marijuana, contending that he was entitled to a reduction because of his minor role in the offense. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Gurrola–Olivas was a driver for a Tijuana, Mexico trucking company. On April 3, 2001, Gurrola–Olivas left Tijuana with a shipment of television sets bound for the United States. At the United States border a drug detecting dog alerted to his truck. Customs inspector found 15,359 pounds of marijuana in boxes with an estimated street value of $12,000,000. Evidence indicated this was the largest

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

amount of marijuana ever seized at a land port.

We review the district court's factual finding that Gurrola–Olivas's role was not minor for clear error. *United States v. Hursh,* 217 F.3d 761, 770 (9th Cir.2000). "The fact that a defendant acted as a drug courier does not necessarily mean his role was minimal or minor." *Id.* (quotations and alterations omitted). We affirmed the denial of a decrease in sentence for minor role when the defendant "was the driver and sole occupant of a vehicle in which a substantial amount of marijuana was hidden, and the evidence proved that [he] knew the drugs were in the gas tank." *Id.; see United States v. Davis,* 36 F.3d 1424, 1437 (9th Cir.1994) (where defendant was a courier who knew he was carrying drugs and was prepared to accept money, not a minor participant); *United States v. Lui,* 941 F.2d 844, 849 (9th Cir.1991) (defendant may be courier but not minor participant, and possession of a "substantial amount" of narcotics also ground for refusing reduction).

The district court did not clearly err in finding that Gurrola–Olivas had accepted money to transport a huge amount of marijuana into the United States. Gurrola–Olivas apparently detoured from his trip to the border which normally would have taken about 15 minutes, as he did not arrive until 2 hours after his departure from the television factory. Gurrola–Olivas points to no evidence in the record regarding the roles of other participants in the scheme, and he had "the burden of proving that he is entitled to a downward adjustment based on his role in the offense by a preponderance of the evidence." *Davis,* 36 F.3d at 1436 (citation omitted). He has not carried his burden of proving that he

was a minor participant when compared to others in the scheme.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.